**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4188**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEQUAN KEONTEZ CHAMBERS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Chief District Judge.  (3:16-cr-00044-FDW-DSC-1)

Submitted:  February 28, 2018                    Decided:  March 15, 2018

Before WILKINSON and KEENAN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Richard L. Brown, Jr., LAW OFFICES OF RICHARD L. BROWN, JR., Monroe, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dequan Keontez Chambers pled guilty without a written plea agreement to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2012), possession of a stolen firearm, 18 U.S.C. § 922(j) (2012), and theft of a firearm, 18 U.S.C. § 924(l) (2012). He was sentenced to 89 months in prison. Chambers appeals. His attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), questioning whether the cross-reference for attempted murder was properly applied but stating that there are no meritorious issues for appeal. Chambers has filed a pro se brief. We affirm.

We first conclude that Chambers' guilty plea was knowing and voluntary. Chambers stated at the Fed. R. Crim. P. 11 hearing that he was not under the influence of drugs or alcohol. He understood the nature of the proceedings. Chambers expressed complete satisfaction with his attorney's services. A factual basis for the plea was presented to the court, Chambers stated that the factual basis was accurate, and he admitted his guilt. Finally, the district court substantially complied with the requirements of Rule 11.

Chambers contends that the district court erroneously applied the cross-reference for attempted murder, *see* U.S. Sentencing Guidelines Manual § 2A2.1(a)(2) (2015), in determining his Guidelines range.[*] When evaluating Guidelines calculations, including the application of a cross-reference, we review the district court's legal conclusions

[*] This issue is raised in both the *Anders* brief and the pro se brief.

de novo and its factual findings for clear error. *United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014).

The attempted murder cross-reference at USSG § 2A2.1 provides for a base offense level of 33 "if the object of the offense would have constituted first degree murder," as defined in 18 U.S.C. § 1111 (2012), or 27 "otherwise." USSG § 2A2.1(a) & cmt. n.1 & background. Section 1111, in turn, defines murder in the first degree as "the unlawful killing of a human being with malice aforethought"—that is, "[e]very murder perpetrated by . . . willful, deliberate, malicious, and premeditated killing." 18 U.S.C. § 1111(a). Sustaining the attempted first degree murder cross-reference under this premeditation prong requires a showing that the defendant acted with malice and that the killing was premeditated. *United States v. Williams*, 342 F.3d 350, 356 (4th Cir. 2003); *see Cox*, 744 F.3d at 308. To prove malice under § 1111, "the Government does not have to show an intent to kill or injure." *Williams*, 342 F.3d at 356. Instead, "malice aforethought may be established by evidence of conduct which is reckless and wanton and a gross deviation from a reasonable standard of care, of such a nature that a jury is warranted in inferring that defendant was aware of a serious risk of death or serious bodily harm." *Id.* (internal quotation marks omitted).

Here, Chambers and three others were driving when they spotted a man known as R.G. Chambers said that he'd had a fight with R.G. at a club. Chambers and his friends drove to some apartments and switched seats. They then returned to the victim's location, where Chambers and another man shot at R.G. A bullet fired by Chambers struck R.G. in the left calf, necessitating treatment at an emergency room. Chambers'

3

conduct in shooting R.G. qualifies as reckless and wanton behavior and a gross deviation from a reasonable standard of care such that a jury would be warranted in inferring that Chambers was aware that there was a risk of death or serious bodily harm.

Further, these acts support a finding of premeditation. "Although it is clear that deliberation and premeditation under § 1111 involve a prior design to commit murder, no particular period of time is necessary for such deliberation and premeditation." *United States v. Shaw*, 701 F.2d 367, 392 (5th Cir. 1983), *abrogated on other grounds as recognized by United States v. Stubbs*, 944 F.2d 828, 834 (11th Cir. 1991). "It must be long enough for the killer, after forming the intent to kill, to be fully conscious of that intent." *Id.* (internal quotation marks omitted). Here, Chambers had the opportunity to deliberate and ponder whether he wanted to shoot R.G. It is more likely than not that Chambers' attempted killing was premeditated.

Because Chambers' actions constitute attempted first degree murder under USSG § 2A2.1(a)(1), we conclude that the district court did not commit reversible error in applying the attempted murder cross-reference under USSG § 2A2.1(a)(2). Further, our review of the record establishes that the district court properly calculated Chambers' Guidelines range, considered the 18 U.S.C. § 3553(a) (2012) sentencing factors and the arguments of the parties, and provided a sufficiently individualized assessment based on the facts of the case. We hold that the within-Guidelines sentence is procedurally and substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009).

4

In his informal brief, Chambers makes general claims of ineffective assistance of counsel. We do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). Because ineffectiveness does not conclusively appear on the face of the record, we will not address this claim.

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we affirm Chambers' conviction and sentence. This court requires that counsel inform Chambers, in writing, of the right to petition the Supreme Court of the United States for further review. If Chambers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Chambers. We deny the motion for appointment of new counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*